IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELLIOT K. ANDERSON, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 1:12-CV-0155 |
| | : | |
| WARDEN BLEDSOE, | : | Hon. John E. Jones III |
| Respondent | : | |
| | : | |

| | | |
|---|---|---|
| ELLIOT K. ANDERSON, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 1:12-CV-0156 |
| | : | |
| WARDEN BLEDSOE, | : | Hon. John E. Jones III |
| Respondent | : | |
| | : | |

| | | |
|---|---|---|
| ELLIOT K. ANDERSON, | : | |
| Petitioner | : | |
| | : | |
| v. | : | CIVIL NO. 1:12-CV-0157 |
| | : | |
| WARDEN BLEDSOE, | : | Hon. John E. Jones III |
| Respondent | : | |
| | : | |

## **MEMORANDUM and ORDER**

February 27, 2012

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On January 26, 2012, Petitioner Elliot Anderson ("Petitioner" or "Anderson"),

an inmate presently confined at the United States Penitentiary Lewisburg ("USP

Lewisburg") in Lewisburg, Pennsylvania, initiated the above actions *pro se* by filing three (3) separate Petitions for Writ of Habeas Corpus ("Petitions") under the provisions of 28 U.S.C. § 2241.  He has paid the required $5.00 filing fee in each of the three (3) cases.  By Order dated January 31, 2012, Respondent was directed to show cause on or before February 21, 2012 why Petitioner should not be granted habeas corpus relief.  Presently before the Court is Respondent's Motion for a More Definite Statement and for a Stay of the Court's Show Cause Order, which has been filed in each of the three (3) above-captioned actions.  For the reasons set forth below, the Motion will be granted.

In preparing each of his three (3) Petitions, Anderson utilized a standard form petition for habeas corpus relief under the provisions of 28 U.S.C. § 2241.  In his Petition filed at Civil No. 1:12-CV-0155, Anderson states the following grounds: his UDC (Unit Disciplinary Committee) hearing was untimely held; his elected staff representative had a conflict of interest because Anderson filed formal complaints against him prior to the DHO hearing; and his staff representative was ineffective because he failed to call the witnesses Anderson requested.  (*Anderson v. Bledsoe*, Civil No. 1:12-CV-0155, Doc. 1 at 3-4.)  Anderson states that his grounds relate to an incident report dated July 6, 2011 charging him with violations of Codes 307 and 312.  (*Id.* at 4 ¶ 10a.)

In his second Petition, Anderson articulates his ground as being that the DHO refused to call witnesses at a DHO hearing. (*Anderson v. Bledsoe*, Civil No. 1:11-CV-0156, Doc. 1 at 3.) He elaborates by stating that, on May 6, 2011, he had a DHO hearing at USP Florence, and his staff representative, Counselor B. Holmstead, postponed the hearing because she could not locate Anderson's witnesses' statements. (*Id.*, Doc. 1 at 4 ¶ 10a.) He further explains that he was transferred to USP Canaan and was given a DHO hearing by DHO Renda during which Anderson explained that he had requested the statements of two witnesses, but DHO Renda denied the request, found Anderson guilty of the infraction, and withheld forty (40) days of good conduct time along with other sanctions. (*Id.*)

In his third Petition, Anderson alleges that he was denied witnesses and was denied an unbiased staff representative. (*Anderson v. Bledsoe*, Civil No. 1:11-CV-0157, Doc. 1 at 3.) He elaborates by stating that, on July 18, 2011, DHO Renda denied him the right to call witnesses and that, on July 18, 2011, he was represented at a DHO hearing by Counselor Gambone, who had complaints lodged against him by Petitioner. (*Id.*, Doc. 1 at 4 ¶ 10.) Anderson alleges that when he told the DHO about Gambone's conflict, the DHO responded, "So what. That's who you're getting." (*Id.*)

Respondent filed the instant Motion for a More Definite Statement and for a Stay of the Court's Show Cause Order in each of the three above-captioned actions on

February 21, 2012. (Civil No. 1:12-CV-0155, 1:12-CV-0156, 1:12-CV-0157, Doc. 7.) In his brief in support of the instant Motion, Respondent explains that it is necessary for the Court to direct Anderson to provide a more definite statement in the form of an amended petition in each of the cases because Anderson has failed to provide an incident report number for the incidents he refers to in his Petitions, and the dates he lists as having had DHO hearings do not correspond with his discipline record, thus making it difficult for Bureau of Prisons ("BOP") counsel to determine which incident(s)/hearing(s) he is referring to. (*Id.*, Doc. 8 at 3-4.) The Court agrees that a more definite statement is necessary in order for Respondent to formulate a response to the Petition, and therefore will direct Anderson to file amended petitions. Accordingly, we will stay our January 31, 2012 Order requiring a response to the Petitions pending further order of court.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Along with a copy of this Order, the Clerk of Court shall mail to Petitioner three (3) blank § 2241 Petition for Writ of Habeas Corpus (Federal) Forms.

2. Respondent's Motion for a More Definite Statement and for a Stay of the Court's Show Cause Order (Civil Nos. 1:12-CV-0155, 1:12-CV-0156, 1:12-CV-0157, Doc. 7) is **GRANTED**.

4

3. On or before **March 19, 2012**, Petitioner shall file amended petitions in each of the above-captioned actions that are in compliance with Habeas Corpus Rule 2(c) and Local Rule 83.32.1.[1]  Petitioner is specifically directed to include incident report number(s) and dates, and dates of disciplinary hearings relating to his grounds, to the extent they are known to Petitioner.  To the extent information is not known to Petitioner, he shall specify as such in his Petitions.

4. Petitioner's failure to file amended petitions within the required time will result in the dismissal of this action.

5. This Court's January 31, 2012 Order entered in each of the above-captioned actions is **STAYED** pending further order of court.

        s/ John E. Jones III
        John E. Jones III
        United States District Judge

---

[1] Habeas Corpus Rule 2(c) requires, *inter alia,* that the petition specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested. Local Rule 83.32.1 requires that a petition for a writ of habeas corpus by a person who is in custody be on the standard form supplied by the clerk of court.